UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOSEPH FARMER,<br><br>　　　　Defendants. | Case No.: 12-CV-3455 YGR<br><br>ORDER GRANTING MOTION OF PLAINTIFF TO REMAND; AND DENYING REQUEST FOR ATTORNEYS' FEES |

This case was removed from the San Mateo County Superior Court where it was pending as an unlawful detainer action against *pro se* Defendant Joseph Farmer. Mr. Farmer removed this action pursuant to 28 U.S.C. § 1441 invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331 on the basis that he intends to raise a defense under the Protecting Tenants from Foreclosure Act ("PTFA"), 12 U.S.C. §§ 5201 *et seq.*

On July 10, 2012, Plaintiff filed a motion to remand on the grounds that Defendant has failed to establish the existence of federal subject matter jurisdiction.

The Court **GRANTS** the motion for remand because no federal question is presented in this action.[1]

**I.　LEGAL STANDARD**

A defendant may remove a civil action filed in state court if the action originally could have been filed in federal court. 28 U.S.C. § 1441. District courts have federal question jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for August 21, 2012.

District courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

A plaintiff may seek to have a case remanded to the state court if the district court lacks jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is a "strong presumption" against removal jurisdiction, with doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## II.     DISCUSSION

Defendant invoked this Court's federal question jurisdiction under 28 U.S.C. § 1331 on the basis that his defense implicates federal law. Specifically, Defendant alleges that the notice to vacate failed to comply with the PTFA. The PTFA protects tenants whose residences are facing foreclosure. The PTFA is intended to be used for protection in state court but does not create a private right of action or a basis for federal subject matter jurisdiction. *See Bank of New York v. Guevara-Martinez*, C-11-5474 CW, 2012 WL 50077 (N.D. Cal. Jan. 9, 2012) (holding that because the only possible federal issue involved a defense under the PTFA, federal question jurisdiction is lacking); *Aurora Loan Services LLC v. Jessie Torres*, C-11-3061 EJD, 2011 WL 4551458 (N.D. Cal. Sept. 30, 2011) (noting that other courts considering this issue came to the same conclusion). Thus, a defense under the PTFA cannot establish a basis for federal jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense."). Therefore, the Court does not have subject-matter jurisdiction over this action based upon the PTFA.

Under the well-pleaded complaint rule, the federal question must be presented by the plaintiff's complaint. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009). The complaint asserts only one state law claim for unlawful detainer; it does not allege any federal claim whatsoever. Thus, there is no federal question jurisdiction.

Finally, there is no diversity jurisdiction in this matter. Plaintiff's Complaint indicates that the amount demanded does not exceed $10,000. As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction. 28 U.S.C §§ 1441(b) & 1332(a).

### III.  CONCLUSION

For the reasons set forth above, this action must be remanded.

Plaintiff's Motion to Remand, Dkt. No. 6, is **GRANTED**. Plaintiff's Request for Attorneys' Fees is **DENIED**.

The Clerk of the Court is directed to **REMAND** this action to the San Mateo County Superior Court.

The Clerk of Court is further directed to forward certified copies of this Order and all docket entries to the Clerk of the San Mateo County Superior Court.

This Order terminates Dkt. No. 6.

**IT IS SO ORDERED**.

**Date: August 9, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**